UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE MACON CARRINGTON, JR., ) ) Plaintiff, ) ) v. ) ) RON JOHNSON, et al., ) ) Defendants. ) | Civil Action No. 1:25-cv-02924 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application,[1] and for the reasons discussed below, dismisses this case without prejudice.

Plaintiff, who currently civilly committed and designated to Butner Federal Medical Center, sues an assortment of Defendants, including Congress, four U.S. Senators, two U.S. Representatives, Mark Zuckerberg, and Samsung U.S.A. *See* Compl. at 1–4. He does not provide addresses for many of the Defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1), (g). *See id.* at 3–4.

The allegations themselves fare no better. Notably, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Plaintiff attests that he is currently civilly committed, *see* Compl. at 2.; therefore, the Court does not require a certified copy of his trust fund account statement, *see* 28 U.S.C. § 1915(a)(2), because that provision of the PLRA is inapplicable to him, *see Vandivere v. Lynch*, No. 16-cv-1594, 2016 WL 11716441, at *1 (D.D.C. Aug. 30, 2016) (citing cases); *Ardaneh v. U.S. Gov't*, No. 19-1786, 2020 WL 7316123, at *3 (D.D.C. Dec. 11, 2020) (same) (citing cases), *aff'd*, 848 Fed. Appx. 7 (D.C. Cir. 2021) (per curiam).

A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the instant Complaint falls squarely into this category.

Plaintiff alleges that, in 2015, he "became aware of a problem with the virtual reality Google headsets made by Facebook/Meta/Oculus Rift, and Samsung USA." Compl. at 5. He alleges that these headsets emit "very dangerous levels of radiation" and "literally fry the eyeballs of the user." *Id.* He contends that, in an effort to protect children, he has contacted members of Congress and prison psychologists to expose the manufacturers of the headsets, but that he has been ignored due to a conspiracy borne out of "money and power," and that he has been "threatened repeatedly to keep [his] mouth shut." *See id.* at 6, 10–11. He "demands $500 million from each Senator and House Representative each," $10 billion from Congress, $150 billion from Mark Zuckerberg, and "75 billion from Meta and Samsung U.S.A. each." *Id.* at 11.

The Court cannot exercise subject matter jurisdiction over Plaintiff's frivolous Complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536§37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Indeed, as here, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: December 1, 2025

TREVOR N. McFADDEN
United States District Judge